**UNITED STATES DISTRICT COURT**
**DISTRICT OF MARYLAND**

CHAMBERS OF
STEPHANIE A. GALLAGHER
UNITED STATES MAGISTRATE JUDGE

101 WEST LOMBARD STREET
BALTIMORE, MARYLAND 21201
(410) 962-7780
Fax (410) 962-1812

May 10, 2019

LETTER TO THE PARTIES

      RE:   *Young R. v. Commissioner, Social Security Administration*;
              Civil No. SAG-18-2980

Dear Plaintiff and Counsel:

On September 27, 2018, Plaintiff Young R., who appears *pro se*, petitioned this Court to review the Social Security Administration's ("SSA's") final decision to deny her claim for Disability Insurance Benefits. ECF 1. Plaintiff did not file a motion for summary judgment before the filing deadline, but I have considered the SSA's motion for summary judgment.[1] ECF 17. I find that no hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2018). This Court must uphold the decision of the SSA if it is supported by substantial evidence and if the SSA employed proper legal standards. *See* 42 U.S.C. §§ 405(g), 1383(c)(3); *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996). Under that standard, I will grant the SSA's motion, and affirm the SSA's judgment pursuant to sentence four of 42 U.S.C. § 405(g). This letter explains my rationale.

Plaintiff protectively filed her claim for benefits on June 3, 2016, alleging a disability onset date of June 1, 2010. Tr. 101-07. Her date last insured was calculated to be December 31, 2013, meaning that she had to prove disability between June, 2010 and December, 2013 to be eligible to receive benefits. Tr. 108. Her claims were denied initially and on reconsideration. Tr. 70-72, 74-75. An Administrative Law Judge ("ALJ") held a hearing on January 25, 2018, at which Plaintiff was informed of her right to representation, but declined. Tr. 27-56. Following that hearing, the ALJ determined that Plaintiff was not disabled within the meaning of the Social Security Act during the relevant time frame. Tr. 19-26. The Appeals Council denied Plaintiff's request for review, Tr. 1-5, so the ALJ's decision constitutes the final, reviewable decision of the SSA.

I have carefully reviewed the ALJ's opinion and the entire record. *See Elam v. Barnhart*, 386 F. Supp. 2d 746, 753 (E.D. Tex. 2005) (mapping an analytical framework for judicial review of a *pro se* action challenging an adverse administrative decision, including: (1) examining whether the SSA's decision generally comports with regulations, (2) reviewing the ALJ's critical findings for compliance with the law, and (3) determining from the evidentiary record whether

---

[1] After the SSA filed its motion, the Clerk's Office sent a Rule 12/56 letter to Plaintiff, advising her of the potential consequences of failing to oppose the dispositive motion. ECF 18. Plaintiff still did not file a response.

substantial evidence supports the ALJ's findings). For the reasons set forth below, the ALJ applied the correct legal standards and supported her conclusions with substantial evidence.

The ALJ proceeded in accordance with applicable law, using the appropriate sequential evaluation. The ALJ found in Plaintiff's favor at step one, that Plaintiff had not engaged in substantial gainful activity between her alleged onset date of June 2, 2010, and her date last insured. Tr. 21. However, at step two, the ALJ concluded that Plaintiff had not established the existence of any medically determinable impairments during the relevant period. Tr. 21-22.

Ultimately, my review of the ALJ's decision is confined to whether substantial evidence, in the record as it was reviewed by the ALJ, supports the decision and whether correct legal standards were applied. *Richardson v. Perales*, 402 U.S. 389, 390 (1971). Even if there is other evidence that may support Plaintiff's position, I am not permitted to reweigh the evidence or to substitute my own judgment for that of the ALJ. *Hays v. Sullivan*, 907 F.2d 1453, 1456 (4th Cir. 1990). In considering the entire record, I find that the ALJ supported her decision with substantial evidence. The existence of a medically determinable impairment must be supported by medical signs and laboratory findings. *See* 20 C.F.R. §§ 404.1521, 404.1529; *see also* SSR 16-3p, 2017 WL 5180304 (S.S.A. Oct. 25, 2017). Here, the ALJ correctly noted the complete absence of any medical records, during the relevant period prior to the date last insured, to substantiate ongoing medical impairments. Tr. 21-22. In fact, the only medical records pre-dating the date last insured were records from emergency room treatment on one occasion in March, 2010, months before Plaintiff's alleged onset date. Tr. 202-23. Those records indicate treatment for pneumonia and asthma, and same-day discharge. *Id.* Plaintiff then sought no further medical treatment until 2016. Without any medical records to substantiate the existence of the medical conditions alleged by Plaintiff during the relevant time frame, this Court has no basis to remand the decision to the SSA.

For the reasons set forth herein, Defendant's Motion for Summary Judgment, ECF 17, is GRANTED. The SSA's judgment is AFFIRMED pursuant to sentence four of 42 U.S.C. § 405(g). The Clerk is directed to CLOSE this case.

Despite the informal nature of this letter, it should be flagged as an opinion. An implementing order follows.

Sincerely yours,

/s/

Stephanie A. Gallagher
United States Magistrate Judge